[No. 7574.   Decided January 16, 1909.]

SALLIE GALLER, *Appellant,* v. JAMES MCMAHON *et al.,*
*Respondents.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—TIME FOR FILING—EXTEN-
SION OF TIME—NOTICE.  Under Bal. Code, § 4894, requiring notice to
the adverse party of application to extend the time for filing a pro-
posed statement of facts, a notice may be given in the forenoon of an
application to be made at 3 o'clock in the afternoon, any reasonable
notice being sufficient to confer jurisdiction; Bal. Code, § 4816a,
which provides for three days' notice of motions and applications,
not applying to proceedings after judgment.

TROVER AND CONVERSION — EVIDENCE OF TAKING MONEY — SUF-
FICIENCY.  In an action to recover money alleged to have been stolen
by defendants, there is sufficient evidence of the taking and it is.
error to grant a nonsuit, where it appears that a large sum of money
was in a tin box concealed in the house of the plaintiff, whose hus-
band was away from home, that defendants and a third person helped
to extinguish a fire in the house at night, and were the only persons
in the house or who had an opportunity to take the money, that de-
fendants knew of the money in the house, one of them was in the
house alone for a short time, and was met coming away with his
hand held behind his back, and a key to the box was afterwards
found in his house, other testimony casting suspicion on the de-
fendants and excluding all probability that the third person took
the money.

Appeal from a judgment of the superior court for Yakima
county, Rigg, J., entered February 25, 1908, granting a
nonsuit, after a trial before the court and a jury, in an action
to recover money stolen.   Reversed.

*Henry J. Snively,* for appellant.
*Frank A. Luse* and *Englehart & Rigg,* for respondents.

RUDKIN, C. J.—This was an action to recover the sum of
$3,800, alleged to have been taken or stolen from the plaintiff
by the defendants.   At the close of the plaintiff's testimony,

[1]Reported in 99 Pac. 309.

the court granted a judgment of nonsuit, and from that judgment the present appeal is prosecuted.

The respondents have moved to strike the statement of facts for the reason that the same was not filed within the time limited by law. It appears from the amended certificate of the trial judge that the appellant served notice on the respondents on the 25th day of March, 1908, that an application would be made to the court at the hour of three o'clock in the afternoon of that day, for an order extending the time for filing a proposed statement of facts on appeal. How long this notice was served before the hearing does not appear further than by the admission of the respondents in their brief that it was served sometime during the forenoon of that day. At the time fixed for the hearing, the respondents appeared specially and objected to the jurisdiction of the court to hear or consider the application, on the ground of insufficient notice. The court overruled the objection and extended the time for filing the proposed statement to and including the 6th day of April, 1908, within which time the statement was filed. The respondents contend that they were entitled to three days' notice of the application, under Bal. Code, § 4816a (P. C. § 300), and that the court acquired no jurisdiction by the giving of notice for the shorter period. We think, however, that this section only applies to hearings or proceedings before judgment. We so construed a similar provision contained in Bal. Code, § 4894 (P. C. § 350), in *National Bank of Commerce v. Seattle Pickle etc. Works.*, 15 Wash. 126, 45 Pac. 731. Bal. Code, § 5062 (P. C. § 679), provides that the time for filing a proposed bill of exceptions or statement of facts may be extended for good cause shown, and on such terms as may be just, by an order of the court or judge before whom the cause is pending or was tried, made on notice to the adverse party. We think that any reasonable notice is sufficient to confer jurisdiction to extend the time under this section, and that the sufficiency of the notice in the matter of time, as well as the

sufficiency of the cause shown, is primarily, at least, for the trial court to determine. There was, therefore, no lack of jurisdiction, and no abuse of discretion appearing, the motion to strike is denied.

There was testimony tending to show the following facts: The appellant and her husband and two small children occupied a seven-room house, in the city of North Yakima. The respondents occupied a house on the adjoining lot, about 45 feet distant from the Galler house. The husband of the appellant went to Spokane on the evening of June 26, 1905, and did not return to North Yakima until the morning of June 28th. Between the hours of twelve and one o'clock, on the night of June 27th, a fire broke out in the Galler house. When the appellant observed the smoke, she broke the front window of the house and took her two children out onto the porch. As soon as she reached the porch, she screamed and the two respondents and a third party came from the McMahon house to the Galler house. After extinguishing the fire, the respondent Mrs. McMahon took the appellant over to the McMahon house, where one of the children had been taken after the fire, the respondent James McMahon remaining alone at the Galler house. In about ten or fifteen minutes thereafter, the appellant returned to her own house with her children, and as she entered she met the respondent James McMahon coming from the house with one hand behind his back. Soon thereafter the third party, who was stopping at the McMahon house, came to the Galler house and remained with the appellant for some time, after which she returned to the McMahon house. The Galler house was locked up from the time the appellant and her children retired in the evening until the time of the fire, and from the time the third party left the house after the fire until the next morning. About five o'clock on the morning after the fire the appellant discovered that the sum of $3,800, which she had concealed in a tin box beneath her pillow, was missing. The testimony tends to show that no person except the two respondents and

the third party to whom we have referred was in the Galler house, or had an opportunity to take the money, and we think the testimony likewise excludes all reasonable probability that this third party took the money or had an opportunity to do so. In addition to the foregoing facts, there were other incriminating circumstances entitled to consideration and weight.

The respondents, or at least the respondent Mrs. McMahon, knew that the appellant had the money in the house, knew that the husband of the appellant was absent in Spokane, knew that he would not return until the morning after the fire, and had made numerous inquiries as to his whereabouts and the time of his return. Mrs. McMahon had been a frequent visitor at the Galler home. One of the keys to the box which contained the money was taken from the Galler house a week or more before the theft, and this key was found in the McMahon house a few days after the theft, and after the respondents had moved therefrom. The conduct of the respondents at and after the fire was not entirely free from suspicion, and there were other facts and circumstances in evidence, but we think we have sufficiently shown that there was ample testimony in support of the allegations of the complaint to warrant and necessitate the submission of the case to the jury.

The judgment is therefore reversed and a new trial ordered.

FULLERTON, CROW, and MOUNT, JJ., concur.