[No. 1298. Decided June 27, 1894.]

STUART RICE, *Appellant*, v. CALVIN STEVENS *et al.*, *Respondents.*

### APPEAL — TRIAL BY COURT — EXCEPTIONS TO FINDINGS.

Where an action has been tried by a court without a jury, and findings of fact made by the court, the party aggrieved must except to the findings, under Laws 1893, p. 112, §§ 2, 3, 7, and id. p. 130, § 1, in order to raise any question thereon upon appeal.

*Appeal from Superior Court, Pierce County.*

*Wickersham & Reid,* and *George Herriott,* for appellant.

*Sharpstein & Blattner,* and *Remington & Reynolds,* for respondents.

The opinion of the court was delivered by

SCOTT, J.— Appellant commenced this action to remove an alleged cloud upon his title to premises conveyed to him by the Sumner Lumber Co. Respondents herein, defendants and intervenors below, are judgment creditors of said lumber company. They filed cross-complaints asking as affirmative relief against appellant that the deed to said premises from the lumber company to appellant be set aside as fraudulent and void. A trial was had on November 7, 1893, and the cause was taken under advisement by the court until December 5, following, when findings of fact and conclusions of law were duly made and filed, and judgment entered thereon that same day. Notice thereof was served on the appellant's attorney on the next day, and on the 30th of said month appellant served notice of appeal "from each and every part of said decision and from the whole thereof."

The appeal involves the court's findings upon the evidence. The respondents contend that the evidence is not

before this court for review, because the findings of fact
and conclusions of law made by the lower court were not
excepted to by appellant.    Under the former statutes of
the state and territory, when a cause had been tried by the
court or referee, and the decision was not made imme-
diately after the close of the testimony, the decision of the
court was deemed excepted to.    This continued to be the
law, except as supplemented by the act of February 25,
1891, § 398, Code Proc., which provided that no exception
need be taken with respect to any decision or ruling upon
a matter of law, when the same was entered in the journal
or made wholly on matters in writing and on file in the
cause, until ch. 60 of the Laws of 1893 was enacted.    Sec.
2 at page 112 of said act provides that it shall not be
necessary to take exceptions in certain cases, with this
proviso :

"But this section shall not apply to the report of a ref-
eree or commissioner or to findings of fact or conclusions
of law, in a report or decision of a referee or commissioner,
or in a decision of a court or judge upon a cause or part of
a cause, either legal or equitable, tried without a jury."

The next section provides how exceptions to such find-
ings may be taken :

"Either by stating to the judge, referee or commissioner
when the report or decision is signed, that such party ex-
cepts to the same, specifying the part or parts excepted to
(whereupon the judge, referee or commissioner shall note
the exceptions in the margin or at the foot of the report
or decision); or by filing like written exceptions within
five days after the filing of the report or decision ; or, where
the report or decision is signed subsequently to the hear-
ing and in the absence of the party excepting, within five
days after the service on such party of a copy of such re-
port or decision or of written notice of the filing thereof."

Sec. 7 of the same act provides that alleged error in any
order or decision to which no exception need be taken may
be reviewed by the supreme court; and also that the su-

preme court may review "alleged error in any . . . finding of fact, conclusion of law . . . or decision which shall have been excepted to by any party as prescribed in this act, . . . *Provided*, The ruling or decision . . . together with the exceptions thereto, if any, was a matter of record in the cause. . . . But no exception to any appealable order or to any final judgment shall be necessary or proper.in order to secure a review of such order or judgment." Sec. 18 repeals all prior inconsistent laws.

In the next chapter of the Laws of 1893, p. 130, § 21, it is provided as follows:

"Upon an appeal from a judgment, the supreme court may review any intermediate order or determination of the court below which involves the merits and materially affects the judgment, appearing upon the record sent up from the superior court. Any questions of fact or of law, decided upon trials by the court or by referees, in either legal or equitable causes, may be reviewed, when exceptions to the findings of fact or to the conclusions of law, or both, have been duly taken by either party and sent up in the record on appeal; and in actions legal or equitable, tried by the court below without a jury, wherein a statement of facts or bill of exceptions shall have been certified, the evidence of facts shown by such bill of exceptions or statement of facts shall be examined by the supreme court *de novo*, so far as the findings of fact or a refusal to make findings based thereon shall have been excepted to, and the cause shall be determined by the record on appeal, including such exceptions or statement."

The record shows no exception to the findings. The appellant had five days after the service of notice upon him to file written exceptions to the findings of fact, and failing to have done so, we think he is precluded from raising any question in relation to the evidence. Under the old practice no exceptions were necessary in such a case, and the result was that the lower court, convinced by one

line of evidence, might decide a case on one theory, and the trial *de novo* here might proceed upon a different theory, involving to a large extent an examination of questions not presented or positions not taken or insisted upon below. A general rule observed by all courts, unless expressly provided otherwise by legislation, is that unless objections are seasonably made on specific grounds, the ruling of the trial court will not be reviewed in appellate tribunals. This is a salutary rule, relieving appellate courts of much unnecessary labor, and tends to avoid much delay and expense, in affording an opportunity to the lower courts to correct errors and omissions there made in the trial of causes. The new practice act was evidently intended to cure the defects in this respect in the former practice, and is in line with the practice adopted in most of the states.

Appellant contends that a different ruling was made by this court in *Wintermute v. Carner*, 8 Wash. 585 (36 Pac. 490); but an examination of that case shows that what the court there said as to findings of fact was with reference to the former law and practice, as that cause was tried in the lower court before the present law went into effect.

Affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.