[No. 1745.   Decided June 11, 1895.]

JOHN IRWIN, *Appellant*, v. OLYMPIA WATER WORKS *et al.*, *Respondents*.

APPEAL — SUFFICIENCY OF EXCEPTIONS TO FINDINGS — NOTICE OF FILING FINDINGS — WHEN CONCLUSIONS OF LAW WARRANTED BY FINDINGS.

The supreme court will not, under Laws, 1893, p. 130, § 21, review the findings of fact or conclusions of law made by the lower court, unless proper exceptions have been taken thereto by the appellant; and this is true although notice may not have been served upon appellant of the filing of such findings and conclusions, as, in order to appeal, the appellant must have taken notice of the action of the court.

In an action to quiet title, a finding by the court that the premises had been sold under execution upon a judgment in an action in which jurisdiction of the person of the defendant had been duly acquired, is sufficient to warrant a decree in favor of the grantees of the purchaser at such execution sale, when such finding had not been excepted to, although in fact the record in the original action does not disclose jurisdiction.

In such an action a finding of adverse possession for the full period for the acquisition of title by prescription in the defendants and their grantors is sufficient to warrant a decree in their favor, although there may be no evidence of such facts, when no exceptions have been taken to the findings of the lower court in that regard.

A general exception to findings of fact and conclusions of law is insufficient when some of them are unquestionably correct.

*Appeal from Superior Court, Thurston County.*

*W. I. Agnew* (*T. L. Stiles,* of counsel), for appellant.
*A. F. Burleigh, T. A. Gamble, B. F. Dennison,* and *Daniel Gaby,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to quiet title to the east half of a certain donation land claim, situate in Thurston county, by appellant who claimed to be the owner in fee. The court found in favor of the respondents and this appeal was taken.

The respondents contend that this court cannot enter into an examination of the evidence introduced in said cause, and that the judgment must be affirmed, because the findings of fact and conclusions of law were not excepted to by the appellant. Appellant contends that respondents are not in a position to urge this objection for the reason that no notice was served on him as provided for by § 3, p. 112, Laws 1893, it being contended that the findings of fact and conclusions of law were filed and the decree entered in the absence of appellant, as to which matter the record is silent.

In *Rice v. Stevens,* 9 Wash. 298 (37 Pac. 440), this court held that there must be exceptions to the findings of fact and conclusions of law presented to this court for review, and we are of the opinion that, under the legislation relating to appeals to this court, especially § 21, p. 130, Laws 1893, which provides that, " Any questions of fact or of law, decided upon trials by the court or by referees, in either legal or equitable causes, may be reviewed, when exceptions to the findings of fact or conclusions of law, or both, have been duly taken by either party and sent up in the record

8—12 WASH.

on appeal; and in actions legal or equitable, tried by the court below without a jury, wherein a statement of facts or bill of exceptions shall have been certified, the evidence of facts shown by such bill of exceptions or statement of facts shall be examined by the supreme court *de novo*, so far as the findings of fact or a refusal to make findings based thereon shall have been excepted to, and the cause shall be determined by the record on appeal, including such exceptions or statement," we are precluded from entering into any investigation of the findings of fact or conclusions of law made by the lower court, except as the same are excepted to by the party appealing; that such exceptions form the basis of the appeal in that respect and are necessary to warrant any investigation thereof.

The fact that notice of the filing of the findings of fact and conclusions of law was not served on appellant could not operate to change the law regulating appeals in this particular. The only effect that the want of such notice could have would be to extend the time within which the appellant could file his exceptions to five days from the time he received notice. In this case the appellant took notice of the action of the court in the premises by appealing therefrom, and the only question we can consider under the state of the record is whether the decree rendered by the court is warranted by the findings, and we are of the opinion that it is so warranted.

The defense in this case was based upon two grounds. One was an alleged title derived under and by virtue of a certain execution sale. The appellant has attacked the validity of the judgment upon which the execution was issued, contending that the court never had jurisdiction of the person of the de-

fendant therein.   The finding in this respect, however, is as follows:

"That on the 3rd day of May, 1864, a judgment was recovered against the said Enoch H. Wilson, in the district court of the Second Judicial District of the Territory of Washington, holding terms at Olympia, W. T., for the sum of four hundred dollars and costs, in a certain action of debt, then pending in said court, wherein one Henry Roeder was plaintiff and the said Enoch H. Wilson and another were defendants, in which action the said Enoch H. Wilson voluntarily appeared, filed his answer and made defense. That said judgment was so recovered and entered of record on the said third (3) day of May, 1864.

"That afterwards, to-wit, on the 25th day of January, 1868, and while said judgment was in full force and wholly unsatisfied, execution was issued thereon to the sheriff of said county, and by him was duly levied upon all the right, title, interest and estate of the said Enoch H. Wilson, of, in and to, said donation claim, and the lands described in the complaint in this action, and the same were duly sold by the sheriff on the 7th day of March, 1868, to Thornton F. McElroy, purchaser at said sale, for the sum of three hundred and fifty ($350.00) dollars.

"That said sale was duly reported to and confirmed by said district court, and the proceeds thereof were applied towards the satisfaction of said judgment, and that on the first day of June, 1868, the said sheriff executed and delivered his deed to the said Thornton F. McElroy, in pursuance of said sale and order of confirmation, conveying to him, the said Thornton F. McElroy, all right, title, interest and estate of the said Enoch H. Wilson, of, in and to, the said donation claim described in the complaint.

"That on the 5th day of February, 1869, the sheriff's deed was duly recorded in the auditor's office of said Thurston county.

"That neither the aforesaid judgment nor any of the proceedings under the same have ever been reversed, modified, or set aside.

"That from the date of said sheriff's sale the said Thornton F. McElroy was generally reputed to be the owner of the land in controversy; that at said time, and for a long time subsequent thereto, the land was of little value; that recently and prior to the commencement of this action it has greatly appreciated in value."

The judgment also recited that the defendant had been duly served. It appeared from the files in the cause, however, that some months prior to the rendition of the judgment there had been an attempted service upon the defendant by publication, which was defective, and no other or different service was shown; and it is contended that the answer could not confer jurisdiction as the judgment purported to be one in default for not answering. The finding, however, was sufficient to show a valid judgment, and it was complete in other respects down to a sale of the premises and the confirmation thereof; and as it was not excepted to it must stand.

The other ground of defense was based on adverse possession, and as to this the court found:

"That the defendants claim title from the said Thornton F. McElroy by mesne conveyances duly executed and recorded as shown by the copies in evidence, and that ever since the execution of the sheriff's deed (June 1st, 1868), the said Thornton F. McElroy, and those claiming under him by deeds of conveyance duly executed and recorded, have been in the actual, open, notorious and exclusive possession of the east half of said donation claim under color and claim of title in good faith, and have continuously exercised acts of ownership and dominion over the same, holding and claiming the same adversely to all other persons.

"That during all of the time and times aforesaid, these defendants and those under whom they claim title have paid the taxes on said land and continuously

exercised the usual acts of ownership and dominion over the same to the exclusion of all others.

"That said acts of ownership consisted in cutting and removing from said land, piles, spars, sawlogs and firewood, constructing roads thereon, paying taxes thereon, selling and conveying portions thereof, by deeds duly recorded in the auditor's office of said county, and exercising continuous and exclusive dominion over the same under claim and color of title for more than twenty years prior to the commencement of this action.

"That during all of the time since June 1st, 1868, the east half of said donation claim and every part thereof has been in the continuous and uninterrupted adverse possession of the said Thornton F. McElroy, and those claiming under him, by deeds of conveyance duly executed and of record in the auditor's office of the county of Thurston, Washington, and that said lands are now in such adverse possession.

"That from the date of such sheriff's deed until his death in 1873, the said Enoch H. Wilson never asserted or claimed any interest, title or estate in said donation claim, or any part thereof, nor had he been in possession thereof, or paid any taxes thereon, or exercised any acts of ownership over the same.

"That there is no evidence tending to show that Robert Irwin, who died in 1874, ever asserted or claimed any interest or estate in the land in controversy, or paid any taxes thereon, or exercised any acts of ownership over the same; or that the plaintiff or any of his alleged grantors ever did so."

It is insisted that there was no evidence to support this finding, but in the absence of any exception thereto we cannot examine the record as to proofs and must accept the finding as it stands, and this defense was in itself sufficient to authorize the rendition of the decree in favor of the defendants.

It was also contended by appellant that he did in fact except to the findings. This contention is based

on a supplemental transcript, which the respondents urge we cannot consider, but it is sufficient to say, without determining the regularity of its presentment, that the matters therein contained are insufficient, if admissible, to avoid the objection raised, as it is only claimed thereby, in substance, that at the conclusion of the argument the judge announced orally what his findings of fact and conclusions of law would be, and thereupon appellant's attorney orally took a general exception to all of them. The findings were thereafter regularly reduced to writing, but no further or other exception was taken. Some of the findings were unquestionably correct, and a general objection to all of them was insufficient. *Hannegan v. Roth,* *ante,* p. 65.

The objection of respondents to the consideration of the findings of fact and conclusions of law, except as stated, is well taken, and necessitates an affirmance of the judgment.

HOYT, C. J., and DUNBAR and ANDERS, JJ., concur.
GORDON, J., not sitting.