[No. 1895. Decided December 11, 1895.]

JENNIE BRAELY, *Respondent*, v. HENRIETTA MARKS, *Defendant*, CHAUNCEY BETTS *et al.*, *Appellants*.

APPEAL — LIMITATION — WHEN BEGINS TO RUN.

Under the act of March 8, 1893, § 3, providing that an appeal must be taken within five days after the entry of an appealable order, if made at the time of hearing, and in all other cases within five days after service of a copy thereof with written notice of entry, actual notice of the entry is as effective as the service of a copy in order to limit the time for an appeal therefrom.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Appeal dismissed. .

*H. M. Stephens* (*Jones, Voorhees & Stephens*, of counsel), for appellants.

*Griffitts & Nuzum*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellants in this cause were

sureties upon a re-delivery bond given by the defendant in an action brought by the respondent in the superior court of Spokane county for the recovery of specific personal property. In said action judgment was rendered in favor of the respondent on the 19th day of June, 1894. Thereafter, these appellants filed their motion in the lower court to vacate and set aside such judgment, and for leave to defend in the name of the defendant therein (their principal). On the 17th day of December, 1894, the said motion was denied, and this appeal is taken by said sureties from the order so made. The respondent has moved to dismiss the appeal for various reasons; among others, "that this appeal was not taken within five days after the making of the order intended to be appealed from," and we think the motion to dismiss must be granted.

Section 3 of the act of March 8, 1893 (Laws, p. 120), relating to appeals, provides that an appeal must be taken "from any order from which an appeal is allowed by this act, *within five days after* the entry of the order, if made at the time of the hearing, and in all other cases within five days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing or his attorney." From the record in this case it cannot be told whether the appellants were in court by their counsel or not at the time that the order was made from which this appeal was taken, as the order itself is silent upon the subject.

The order appealed from contains the statement that "the sureties except," and from this it might be fairly presumed that they were so present. Whatever the fact be, it *does appear* from the record that they had

15—13 WASH.

knowledge of the entry of the order as early as February 25, 1895, upon which day they procured from the lower court an order extending the time for settling a statement. The notice of appeal, however, was not given until the 22d of April, 1895. The object of the statute in providing for "the service of a copy of such order" upon the party appealing is to furnish notice of the decision. As heretofore stated, the appellants had actual notice of such adverse decision, and it became their duty to appeal within five days thereafter, if at all. *Irwin v. Olympia Waterworks,* 12 Wash. 112 (40 Pac. 637).

The appeal will be dismissed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.