[No 2146. Decided July 8, 1896.]

NATIONAL BANK OF COMMERCE OF SEATTLE, *Respondent*, v. SEATTLE PICKLE AND VINEGAR WORKS, *Appellant*.

TRIAL — EXCEPTIONS TO FINDINGS — WHEN TAKEN — POWER OF COURT TO EXTEND TIME.

Where exceptions to findings of fact and conclusions of law are not taken within five days after their filing, as required by Laws 1893, p. 112, §3, they are insufficient to secure a review in the appellate court of the evidence upon which they are based. ·

The act of March 15, 1893 (Laws 1893, p. 415, §24), providing that "the court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice of paper filed or served, or may . . . permit the same to be done or supplied after the time therefor has expired," does not relate to nor govern proceedings subsequent to the entry of judgment, as the title of the act indicates that it is merely "An act to provide for the manner of commencing civil actions in the superior courts, and bringing the same to trial."

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Appeal dismissed. · ·

*Joslin, Denny & Bailey*, for appellant.
*Elder & Harger*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Upon the trial of this cause in the

court below a jury was expressly waived, and judgment was entered in favor of the respondent, (plaintiff below,) on July 10, 1895, upon findings of fact and conclusions of law duly made and filed. Thereafter a motion for a new trial was made and overruled. On October 5, 1895, the appellant procured an order from the trial court permitting exceptions to the findings of fact and conclusions of law to be entered, and thereafter, on October 9, 1895, exceptions to the findings were made and filed.

A motion has been made in this court to strike the exceptions and to affirm the judgment for the reason that exceptions were not taken within the time prescribed by law. Section 3 of the act of March 8, 1893, (Laws 1893, p. 112), requires exceptions to the findings of fact or conclusions of law to be taken within five days after the filing of the same. And we have held that we could not review the evidence in the absence of such exceptions. *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440); *Irwin v. Olympia Waterworks*, 12 Wash. 112 (40 Pac. 637).

Appellant relies upon § 24 of the act of March 15, 1893, (Laws, p. 415) which provides that:

"The court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice of paper filed or served, or may, on such terms as are just, permit the same to be done or supplied after the time therefor has expired."

But we do not think that section is applicable to the question here presented. The act of which that section is a part is entitled,

"An Act to provide for the manner of commencing civil actions in the superior courts, and *bringing the same to trial*,"

and obviously does not relate to nor govern proceedings subsequent to the entry of judgment. Section 3 of the act of March 8, on the other hand, is specific and fixes the time within which the exceptions must be taken.

We think it clear that the motion to strike the exceptions should prevail, and as nothing remains of record to be considered, the judgment appealed from will be affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.