[No. 2568. Decided July 2, 1897.]

GEORGE E. FISHER, *Respondent,* v. JOSEPH I. KIRSCH-BERG, *Appellant.*

DISMISSAL OF APPEAL — EXCEPTIONS TO FINDINGS — WHEN MUST BE TAKEN.

Under Laws 1893, p. 112, § 3, providing that exceptions to findings of fact or conclusions of law must be taken within five days after the filing of the decision or within five days after service of a copy of such decision or of written notice of its filing, the party objecting must file exceptions within five days after ac-

quiring knowledge in any way of the existence of the decree, as actual knowledge is equivalent to written notice.

Appeal from Superior Court, Clallam County.—Hon. J. G. McCLINTON, Judge. Appeal dismissed.

*W. L. Marquardt,* and *Clarence P. Brown,* for appellant.

*Allen Weir,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a decree of the superior court of Clallam county. Respondent has moved to strike from the record what purports to be exceptions to certain findings of fact and conclusions of law and to dismiss the appeal on various grounds, only one of which will be noticed. The decree was entered on October 24, 1896. No exceptions to the findings or conclusions were filed until January 4, 1897. Sec. 3 of the act of March 8, 1893 (Session Laws, p. 112), provides that exceptions to the findings of fact or conclusions of law may be taken " by filing like written exceptions within five days after the filing of the report or decision, or  .  .  .  within five days after the service on such party of a copy of such report or decision or of written notice of the filing thereof." Appellant's counsel urge that no notice was ever given to them of the judgment or decision and that these exceptions were filed immediately upon discovery that a decision had been rendered and a judgment entered. The record shows, however, that appellant had actual knowledge of the entry as early as December 22, 1896, on which day he made a motion in writing, supported by affidavit, to re-tax costs in the case. Actual knowledge of the existence and entry of the decree is equivalent to written notice and it was appellant's duty to have filed

his exceptions within five days after the existence of the decree became known to him.

In *Irwin v. Olympia Water Works*, 12 Wash. 112 (40 Pac. 637), we said:

" The only effect that the want of such notice could have would be to extend the time within which the appellant could file his exceptions to five days from the time he received notice."

See, also, *McQuesten v. Morrill*, 12 Wash. 335 (41 Pac. 56); *Braely v. Marks*, 13 Wash. 224 (43 Pac. 27).

The motion to strike the exceptions must be granted and, upon the record, the decree must be affirmed.

SCOTT, C. J., and REAVIS, DUNBAR and ANDERS, JJ., concur.