[No. 5413. Decided March 28, 1905.]

Delia Harrington *et al., Appellants,* v. E. M. Gordon *et al.,*
*Respondents.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY. An appeal will not be dismissed on the ground that the controversy has ceased, by reason of a settlement where the record fails to show any such settlement.

PLEADING—ESTOPPEL—INCONSISTENT POSITIONS. After interposing a demurrer on the ground that a certain party was a necessary party plaintiff, the defendants, after such party has been brought in as a party plaintiff, are estopped to claim the original complaint fails to state any cause of action as to such party.

PARTIES—ACTION ON JOINT BOND—NECESSARY PARTIES PLAINTIFF. Where the interests of two obligees, named in a statutory bond, are several and not joint, or if the separate property of only one is affected, such party may maintain an action alone, to recover his damages sustained, without joining his co-obligee.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 3, 1904, upon sustaining a demurrer to a complaint in an action upon a bond. Reversed.[2]

*Roberts & Leehey,* for appellants.

*Byers & Byers,* for respondents.

Crow, J.—The original complaint is not in the transcript, but the first amended complaint, which is before us, shows that this action was commenced by Delia Harrington alone,

[1]Reported in 80 Pac. 187.

[2]Note. This case should have appeared in Vol. 37, having been omitted by mistake of the reporter. Rep.

against respondents, to recover damages on a garnishment bond, given to said Delia Harrington and M. C. Harrington, her husband, jointly, in a former action brought against them by one J. W. Tilford, said garnishment bond having been given by Tilford as principal, and the respondents E. M. Gordon and C. G. Bradner as sureties. To the first amended complaint respondents interposed a special and general demurrer, one of the grounds of the special demurrer reading as follows: "That there is a defect of parties plaintiff, in that M. C. Harrington is a necessary party plaintiff." The demurrer being sustained, appellants served and filed a second amended complaint in which Delia Harrington and M. C. Harrington, her husband, were both made plaintiffs. This second amended complaint in substance alleged, the bringing of the original action against appellants by J. W. Tilford, the execution of the bond, the issuance of the writ of garnishment, and the conditions of the bond, with a copy attached; that afterwards Delia Harrington appeared separately in said original action, procured a discharge of the garnishment, a dismissal of the action, and final judgment against Tilford. The damages sustained by said Delia Harrington were also pleaded.

The second amended complaint also pleaded the following facts, not in the first amended complaint: That the money garnisheed in the possession of the bank, the garnishee, was the sole, separate, and individual property of Delia Harrington, was on deposit in her name, subject to her individual check; that M. C. Harrington claimed no title or interest therein; that he was in no way injured or harmed by the garnishment, had no interest in the garnishment bond, and that all damages accruing thereon were due to Delia Harrington alone. To this second amended complaint a general demurrer was interposed and sustained. Appellants electing to stand on their pleading, the action was dismissed, and judgment for costs entered in favor of respondents. From said final judgment this appeal is taken.

Respondents have moved to dismiss the appeal for the reason that there is now no controversy pending between the parties, claiming all differences between them have been fully settled. Upon the showing made, we are unable to find any such settlement. The motion to dismiss is denied.

Respondents in their answer brief now insist that as the second amended complaint shows the giving of the garnishment bond by appellants to Delia Harrington and M. C. Harrington jointly, and further shows that the original action was dismissed and the garnishment discharged as to Delia Harrington, but does not make any showing as to M. C. Harrington, the second amended complaint fails to state a cause of action in his favor, and is therefore insufficient. In other words, respondents, by their special demurrer to the first amended complaint, insisted that M. C. Harrington was a necessary party plaintiff. Now, when he is a party plaintiff, they contend that as he claims no cause of action on the bond, neither one of appellants can recover. We think the position of respondents is inconsistent, and that whether M. C. Harrington is now properly or improperly before the court as a party plaintiff, they cannot complain.

The only question now to be considered is whether the second amended complaint states a cause of action on behalf of Delia Harrington, and whether she alone can sue and recover on the bond. No question of community interests is involved here, only the separate property of Delia Harrington being affected. Therefore, in passing on her rights as a joint obligee under the bond, such rights will be considered the same as though the other obligee was some person other than her husband.

While it is true that two obligees are named in the bond, we think either one or both of them could bring an action thereon, provided the party or parties bringing the action had sustained damages. While the bond runs to both appellants, it was given without their consent. They are in no way re-

sponsible for the fact that they were both joined. If their interests are several and not joint, or if the separate property of one obligee only is held under the garnishment proceedings, certainly that one has the right to proceed upon the bond alone, and recover his or her damages sustained. The supreme court of Ohio, in *Alexander v. Jacoby*, 23 Ohio St. 358, 383, used the following language:

"Where an attachment undertaking is executed, under the provisions of the civil code, to two or more persons conditioned 'to pay to them the damages which they may sustain,' etc., and the order of attachment be wrongfully obtained as against some of the obligees only, a right of action on the undertaking accrues to those obligees as against whom the order was wrongfully obtained and who were injured thereby; and in an action thereon by the injured parties, it is not necessary that those obligees, as against whom the order of attachment was rightfully obtained, should be joined either as plaintiffs or defendants. In determining whether the right of action on such undertaking be several or joint only, not only the terms of the bond, but also the provisions of the statute which authorize its execution must be considered, for such provisions must be regarded as much a part of the bond as if they were embodied in its terms. The undertaking is executed to any or all of the defendants in the action, at the option of the plaintiff, and not by the consent of the obligees. The order of attachment may be levied upon the separate property of the defendants as well as upon their joint property. It may be dismissed as to some and enforced against other defendants, and on the final trial of the action, judgment may be given for some and against others. It seems to us, therefore, that as the injury, against which the undertaking was intended to indemnify, may be several as well as joint, that the right of action thereon must also be several as well as joint. And as the general rule of the code is, that 'every action must be prosecuted in the name of the real party in interest,' we are of opinion that in actions on such undertakings, those obligees, and only those, who have an interest in the damages sought to be recovered, must be joined as plaintiffs or made parties to the suit. If the foregoing conclusion be correct, it follows that in an action on such under-

taking by those obligees who have an interest in the damages sought to be recovered, it is not necessary to aver or prove that the attachment had been discharged as against other obligees who have no interest therein and who are not necessary parties to the action."

We think the reasoning of the Ohio court applies here, and adopt the same. *Deegan v. Deegan,* 22 Nev. 185, 37 Pac. 360, 58 Am. St. 742; *Summers v. Farish,* 10 Cal. 347; *Lally v. Wise,* 28 Cal. 540. The second amended complaint stated a cause of action in favor of Delia Harrington. The respondents were in no position at that time to object to the presence of M. C. Harrington as a plaintiff. The trial court erred in sustaining the demurrer to the second amended complaint.

The judgment of the trial court is reversed, and this cause remanded for further proceedings in accordance with this opinion.

MOUNT, C. J., RUDKIN, ROOT, and DUNBAR, JJ., concur.