[No. 8143. Department Two.   October 28, 1909.]

NETA CORNTHWAITE *et al., Respondents,* v. BARRINGTON TRANSPORTATION COMPANY, *Appellant.*[1]

APPEAL—EXCEPTIONS—TO FINDINGS—TIME FOR TAKING—NOTICE. A motion to set aside findings and judgment, shows actual notice of the filing of the findings, and exceptions filed more than five days thereafter are not within time and should be struck out.

MONEY LENT — LIABILITY — FINDINGS — SUFFICIENCY.   Findings support a judgment for plaintiff for $3,000 money loaned, where it appears that defendant received the same from plaintiff under an agreement to tender the same upon an option to purchase certain steamboats, and if the tender was accepted, to transfer certain stock to the plaintiff, but if not accepted, to return the money, and that the tender was not accepted, and plaintiff failed to return the money.

Appeal from a judgment of the superior court for King county, Kauffman, J., entered December 8, 1908, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Oliver F. Cutts,* for appellant.

*Byers & Byers,* for respondents.

[1]Reported in 104 Pac. 609.

CROW, J.——Action by Neta Cornthwaite and others against Barrington Transportation Company, a corporation, and others, to recover the sum of $4,000. On trial without a jury, findings were made in favor of the plaintiffs, and a judgment was entered thereon for $3,000. The defendant, Barrington Transportation Company, has appealed.

Respondents have moved this court to strike the appellant's exceptions to the findings of fact and conclusions of law, for the reason that they were not made and filed within the time required by Bal. Code, § 5052 (P. C. § 669). It appears from the record that the findings, conclusions of law, and judgment were signed by the trial judge on December 7, 1908; that they were filed on December 8, 1908, and that the exceptions thereto were filed on February 18, 1909.

When appellant filed its exceptions it also filed an affidavit of one of its attorneys, in which it is alleged that no copy of the findings of fact, conclusions of law, or judgment, or any written notice of their filing, was served upon appellant or its attorneys. Upon this showing, the appellant now contends that the exceptions were made and filed in time. The record further shows that, on December 14, 1908, the appellant served its motion to set aside and vacate the findings and judgment, which motion was heard and denied on January 16, 1909. The making of this motion establishes the fact that the appellant had actual knowledge of the filing of the findings of fact, conclusions of law, and judgment as early as December 14, 1908. This being true, its exceptions were not filed within the statutory time and must be stricken. *Rice v. Stevens*, 9 Wash. 298, 37 Pac. 440; *Fisher v. Kirschberg*, 17 Wash. 290, 49 Pac. 488.

The exceptions being stricken, the only question remaining for our consideration is whether the final judgment is sustained by the findings made and entered. The trial court found that the appellant, Barrington Transportation Company, a corporation, had an option to purchase certain

steamboats; that it was unable to comply therewith, but that if the respondents would procure for it the sum of $4,000, it would be able to do so, and could make a tender on the purchase price at a time when it was claimed the same would be due; that it agreed with the respondents that, in case the purchase of the steamers was completed, it would transfer to them twelve hundred and fifty shares of its capital stock; but that, in case the tender when made was not accepted and the steamboats not secured, the money advanced by respondents should be immediately returned to them; that one F. X. Waldron, appellant's president, negotiated a loan of $4,000 for respondents upon their property, and received that sum from them; that he paid to appellant only the sum of $3,000; that appellant thereupon issued and delivered to respondents a certificate for twelve hundred and fifty shares of its capital stock; that appellant made a tender which was not accepted; that the purchase of the steamers was not completed; that in conformity with their agreement, the respondents returned to appellant the certificate of stock, but that it did not return the money advanced by them, or any part thereof. Unquestionably these findings support the judgment for $3,000, entered in favor of respondents. It is therefore affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.