[No. 12487. Department One. January 25, 1915.]

EZRA M. MEEKER, *Executor etc., Respondent,* v. ROBERT W. WADDLE *et al., Appellants.*[1]

APPEAL—RECORD—EXCEPTIONS—TIME FOR TAKING. Under Rem. & Bal. Code, § 383, exceptions to findings of fact, in order to secure a review of the evidence, must be taken within five days after the findings are filed or notice given, or if notice is not given, then within five days after acquiring notice of the decision in any way.

APPEAL—RECORD—STATEMENT OF FACTS—FAILURE TO EXCEPT TO FINDINGS. Failure to except to findings of fact does not preclude all review on appeal or require the statement to be stricken, where the sufficiency of the complaint and of the plaintiff's evidence to support any decree in favor of the plaintiff was raised by demurrer to the complaint and motion for nonsuit, and the record contains the pleadings and all the evidence.

EXECUTORS AND ADMINISTRATORS — DISTRIBUTION — DECREE — CONCLUSIVENESS. A decree of final distribution in probate, after due notice and hearing, is of the same force as a judgment in any court of equal solemnity, and cannot be attacked or annulled in any collateral proceeding, except for fraud.

SAME—DISTRIBUTION—DECREE. A decree of final distribution including the wife's separate estate as community property cannot be set aside for fraud in procuring it, where it merely appears that the

[1]Reported in 145 Pac. 967.

decree was obtained by falsely representing that the property was all community property, and that the surviving husband made a statement that the probate was for the purpose of shutting out heirs; since a decree cannot be vacated on the mere ground that it was based upon perjured testimony.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 22, 1914, upon findings in favor of the defendants, in an action to set aside a decree of distribution. Reversed.

*Forney & Ponder* and *B. H. Rhodes*, for appellants.

*Dysart & Ellsbury, C. D. Cunningham,* and *J. H. Templeton,* for respondent.

HOLCOMB, J.—Plaintiff brought this action to set aside a decree of distribution and to recover an interest which he claims in certain property as successor in interest to, and heir at law of, Abbie Waddle, the deceased wife of Robert W. Waddle; basing his claim on the supposition that the assets of her estate were separate and not community, whereas distribution thereof was made by the superior court, sitting in probate, as community property.

The respondent first moves the court to strike the appellants' statement of facts and abstract of record based thereon, and to refuse to consider, for any purpose on this appeal, the evidence embodied in said statement of facts and abstract of record based thereon, for the reason and because no exceptions were taken or reserved or entered to the findings of fact embodied in the decree. It appears from the transcript that no formal findings of fact and conclusions of law were made by the trial court. A simple decree, reciting the facts, was entered by the court. No exceptions to the findings were either noted by the court or filed in writing within five days after the entry of said decree, as required by Rem. & Bal. Code, § 383 (P. C. 81 § 673). It appears that the decision or decree was signed subsequently to the hearing of the case, the hearing being completed on or about April 23, 1914, and

the judgment being signed on June 22, 1914. It does not appear whether counsel for appellants were present when the judgment was signed and had notice thereof or not. They evidently had some notice thereof, however, for they gave notice of appeal from the judgment on August 25, 1914.

It has been held by this court that, where exceptions to the findings of fact and conclusions of law are not taken within five days after their filing, they are insufficient to secure a review of the evidence upon which they are based in the appellate court. *National Bank of Commerce of Seattle v. Seattle Pickle & Vinegar Works*, 15 Wash. 126, 45 Pac. 731. Under this section, written exceptions to findings must be filed within five days after the notice of the decision. *Rice v. Stevens*, 9 Wash. 298, 37 Pac. 440; *Irwin v. Olympia Water Works*, 12 Wash. 112, 40 Pac. 637; *Ballard v. First Nat. Bank*, 13 Wash. 670, 43 Pac. 938. But when notice of the filing of the findings is not served, exceptions may be taken within five days after acquiring notice in any way. *Irwin v. Olympia Water Works, supra; Fisher v. Kirschberg*, 17 Wash. 290, 49 Pac. 488; *Mann v. Provident Life & Trust Co.*, 42 Wash. 581, 85 Pac. 56; *Kinkade v. Witherop*, 29 Wash. 10, 69 Pac. 399.

It does not follow, however, that respondent's motion to strike the entire statement of facts and abstract of the record should be granted. The sufficiency of the complaint to support any decree in respondent's favor was raised by demurrers by the appellants, and the sufficiency of the evidence in support of respondent's complaint was raised by appellants by a motion for nonsuit at the conclusion of respondent's evidence; to the adverse ruling upon each of which, appellants' exceptions were duly noted. So much of the statement of facts, therefore, as shows the testimony up to appellants' motion for nonsuit is properly in the record and has been properly certified, together with all the other facts. The abstract contains the pleadings and the judgment and a synopsis of the facts above alluded to. It being proper and

necessary, therefore, to consider said portions of the record, the same will not be stricken, and the motion of respondent will be denied. We will approach the case, therefore, with a view, first, of determining whether or not the complaint stated a cause of action against the appellants, and second, whether or not the facts produced at the trial by respondent entitled him to any recovery.

The complaint alleged, among other things:

"That, on the 2d day of December, 1913, the last will and testament of Eliza J. Meeker, deceased, was duly admitted to probate in the superior court for King county, Washington, and that on said date the plaintiff herein was duly appointed and qualified as the executor of the last will and testament of said Eliza J. Meeker and ever since said date has been and now is the duly appointed, qualified, and acting executor of the last will and testament of Eliza J. Meeker, deceased, and that he is sole devisee thereunder.

"That on or about the 15th day of May, 1909, one Abbie Waddle died in Lewis county, Washington, leaving a large amount of real property and leaving surviving her Eliza J. Meeker, now deceased, and Robert W. Waddle, her husband, as her heirs at law and the only persons who were entitled to any share in said Abbie Waddle's estate.

"That thereafter and on or about the 1st day of June, 1909, the said Robert W. Waddle, defendant herein, filed a petition in the superior court of Lewis county, Washington, in probate, setting forth the fact that said Abbie Waddle died in Lewis county, Washington, on or about the 15th day of May, 1909, and stated under oath in said petition that said Robert W. Waddle was the widower of said Abbie Waddle, and that all of the property of which said Abbie Waddle died seized was community property, and that the same, upon the said Abbie Waddle's death, became the property absolutely of said Robert W. Waddle.

"That the said Robert W. Waddle was on or about June 14, 1909, appointed as the administrator of the estate of said Abbie Waddle, deceased, and that, on or about the 23d day of September, 1910, the said defendant Robert W. Waddle, as such administrator, filed in the office of the clerk of said court a purported final account in said estate, and also made application for an order of distribution therein, distributing

the entire estate left by the said Abbie Waddle to the defendant Robert W. Waddle as his sole and separate estate; that in said final report and application for distribution the said Robert W. Waddle falsely and fraudulently represented to the court that said Abbie Waddle had died without leaving any heirs other than the defendant Robert W. Waddle, her surviving husband, and also falsely and fraudulently represented to the court that all of the property of which the said Abbie Waddle was seized at the time of her death was the community property of the said Abbie Waddle and the defendant Robert W. Waddle; that said final report and application for order of distribution came on for hearing in said court on the 2d day of November, 1910, and that on the false and fraudulent showing and testimony produced by the said defendant Robert W. Waddle, the said court on said date entered an order approving said final account and distributed all of the assets of which the said Abbie Waddle died seized to the said defendant Robert W. Waddle, to the exclusion of all other persons or heirs of said Abbie Waddle, said proceeding being in the superior court of Lewis county, Washington, entitled 'In the Matter of the Estate of Abbie Waddle, Deceased,' numbered 1072 in probate.

"That the defendant Robert W. Waddle and Abbie Waddle were married some time prior to the year 1894, the exact date being unknown to the plaintiff; that at said time Abbie Waddle, whose maiden name was Abbie Sumner, owned a farm situated near Tenino, Thurston county, Washington, which was her own separate and individual property; that thereafter, to wit, after said marriage, said Abbie Waddle, formerly Abbie Sumner, sold said property for the sum of $9,700, and immediately thereafter invested the same money derived from the sale of said farm in certain described property, to wit: [describing the same] which said property together with any other property of which said Abbie Waddle died seized, was her sole and separate property and estate and in no wise community property.

"That said property was distributed to the said defendant Robert W. Waddle by reason of his false and fraudulent representations, made to the court, and that the same was illegally and fraudulently obtained; that in truth and in fact said property should have been distributed as the separate property of the said Abbie Waddle, and the same would have

been so distributed had not the said Robert W. Waddle falsely and fraudulently withheld from the court the true facts in regard to the ownership of said property by the said Abbie Waddle in her separate rights; that the said Eliza J. Meeker was the only heir at law of the said Abbie Waddle, said Abbie Waddle leaving surviving her no father or mother, or sister or brother or child or children other than the said Eliza J. Meeker who was her sister; that said Robert W. Waddle was only entitled to one-half of said property and that the other one-half interest in and to said property was and is the property of the estate of Eliza J. Meeker, deceased; that this plaintiff has only within the last year discovered that the said defendant Robert W. Waddle had by the aforesaid false and fraudulent representations obtained a decree of distribution distributing the entire estate of said Abbie Waddle to himself and that the estate of Eliza J. Meeker had an interest therein; that said decree of distribution would not have been made except for the false and fraudulent representations of the said Robert W. Waddle and except for the fraud perpetrated by said Waddle upon said court in withholding from the court the truth as to the ownership of said property, he, the said defendant, Robert W. Waddle, at all times knowing well that said property was the separate property of said Abbie Waddle, deceased.

"That plaintiff has been informed and alleges the facts to be that the said defendants have sold and transferred the following portions of said property [describing the same] and received the sum of $6,200 for said last above described portions of said property, one-half of which said property or the proceeds thereof was and is the property of the estate of Eliza J. Meeker, deceased.

"That the defendants Robert W. Waddle and Estella J. Waddle, now are husband and wife, and that the said Estella J. Waddle has and is asserting an interest therein adverse to plaintiff.

"Wherefore plaintiff prays that the decree of distribution to plaintiff entered in said estate of Abbie Waddle on or about November 2, 1910, in this court, be set aside and held for naught, and that plaintiff have judgment for an undivided one-half interest in and to said property of said estate or the proceeds thereof," etc.

The appellants demurred separately as to any cause of action attempted to be set out by the respondent in any capacity, either as executor or as devisee under the will of Eliza J. Meeker, on the ground, among others, that the action was barred by the statute of limitations, and that the facts stated were insufficient to constitute a cause of action. The demurrers were overruled and exception noted.

Upon the assumption that, upon going to trial, any defects or omissions in the complaint which might be cured by amendment are deemed amended to conform to the proofs, we will next notice the evidence introduced in behalf of respondent in support of his complaint. The files in probate in the estate of Abbie Waddle, deceased, in the said superior court, were admitted in evidence, whereby it appears that Abbie Waddle died in May, 1909, and the appellant immediately administered upon her estate, being appointed administrator June 14, 1909. Both the petition and inventory exhibit the land in controversy as community property. On November 2, 1910, a decree of distribution was entered, after due notice and hearing, awarding all of the property to the appellant Robert W. Waddle as community property. No exceptions were taken by any relative or heir of deceased. Respondent knew of the death of Abbie Waddle within a day or two thereafter, but took no steps to assert his interest in her estate, and paid no attention to the administration thereof. Respondent testified that he first heard of the administration in the latter part of 1912 or early in 1913. Respondent's own wife had died on October 9, 1909. This action was brought December 10, 1913. The relief demanded is to set aside the decree of distribution entered November 2, 1910, in the probate proceedings, based upon the allegations that the decree was procured to be made and entered by means of false and fraudulent representations of appellant Waddle.

There is nothing in the testimony in support of respondent's complaint that shows whether or not the appellant

Waddle testified at the hearing on the final account and petition for distribution of the estate of Abbie Waddle. There is some testimony to the effect that Mr. Waddle stated to a neighbor that he was going to have Mrs. Waddle's estate probated; that afterwards he said he had the same probated in order to shut out some heirs, and that later he said it was the Meeker heirs he was going to shut out. The muniments of title to various tracts of land as shown by various deeds, and of the sale of the land mentioned in the complaint as having been sold by the defendants after being distributed to them, were produced in evidence. Appellant also testified in behalf of respondent that Abbie Waddle was his wife; that she died May 29, 1909; that they were married on July 6, 1892; that they lived north of Centralia, and before that, near Bucoda, in Thurston county; that they sold the property in Thurston county for $9,700.

It has been repeatedly held by this court that a decree of distribution by the superior court in probate, made after due notice and hearing, is entitled to the same weight as a judgment in any court or proceeding, is of equal solemnity, and cannot be attacked or annulled in any collateral proceeding, except for fraud. *In re Ostlund's Estate*, 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990; *Alaska Banking & Safe Deposit Co. v. Noyes*, 64 Wash. 672, 117 Pac. 492; *Krohn v. Hirsch*, 81 Wash. 222, 142 Pac. 647; *Bayer v. Bayer, ante* p. 430, 145 Pac. 433; *In re Bell's Estate*, 70 Wash. 498, 127 Pac. 100. Unless, therefore, the decree of distribution in the Waddle estate, by the superior court of Lewis county, sitting in probate, can be set aside on the ground that it was fraudulently obtained, it is invulnerable to such an attack as this.

The only ground of fraud alleged or attempted to be proven by the respondent was that the appellant Robert W. Waddle falsely represented that the land in controversy was the community property of himself and his deceased wife, whereas in truth and in fact it was separate property; and

the attempted showing of a declaration against interest on the part of Waddle that he was having the same probated in order to shut out heirs. As to the first proposition, the question of whether land acquired during the marriage of spouses is separate or community property is one which has often puzzled the courts and is often a very intricate and mixed question of law and fact. A great deal of respondent's evidence and argument in this case went to the point that the land in controversy was, in fact and in law, the separate property of the deceased Abbie Waddle, and should have been so determined by the court. That may be. It does not follow, however, that the decree of distribution must be set aside for that reason only. It presupposes that the court, at the time of the determination in the probate matter, was ill-advised either as to the law or as to the facts. Which are we now to say was the case? If he were wrongly advised as to the facts, then the case presented is merely one where the testimony upon which the decree rests was perjured. That does not avail the respondent, for the reason that decrees in a court of justice cannot be set aside on collateral attack as being fraudulently obtained upon the sole ground that they were obtained upon perjured evidence, without some other extrinsic and collateral fact entering into and constituting fraud in the transaction. To hold otherwise would be to lead ultimately to bewildering and endless uncertainty and confusion. In *McDougall v. Walling*, 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849, this court, per Reavis, J., said on page 486:

"Perjury is not specified in our statute as a distinctive ground for vacating a judgment. There must, at any rate, be connected with it such circumstances as will relieve the opposite party from all implication of want of diligence, and deceive him completely in the nature of the testimony."

See, also, *Friedman v. Manley*, 21 Wash. 675, 59 Pac. 490; *Graves v. Graves*, 132 Iowa 199, 109 N. W. 707, 10 L. R. A. (N. S.) 216, and note thereto; *United States v. Throckmor-*

*ton,* 98 U. S. 61; and the case just decided by this court, *Bayer v. Bayer, supra.*

In the last case cited, the facts as to misrepresentation of the beneficiary of the probate proceedings were very similar to the facts in the case at bar. If decrees were to be set aside upon the mere ground that they were based upon perjured testimony, decrees might never become final, for the decree which held that a former decree was founded upon perjured testimony might itself later be attacked upon the ground that it was procured by perjured testimony, and so on *ad infinitum.* We are convinced, therefore, that there were not sufficient facts either stated in the complaint or proven at the trial by respondent to entitle respondent to recover, and that the judgment of nonsuit moved for by appellant should have been granted.

The judgment is therefore reversed, and the cause remanded with instructions to dismiss the action.

Morris, C. J., Chadwick, Mount, and Parker, JJ., concur.