[No. 12909. Department One. February 26, 1916.]

KITSAP COUNTY BANK, *Respondent*, v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*.[1]

APPEAL—REVIEW—QUESTIONS PRESENTED—EXCEPTIONS TO FINDINGS —NECESSITY. Under Rem. & Bal. Code, § 383, requiring exceptions to findings of fact to be filed within five days, the supreme court cannot, when filed too late, review the evidence except so far as to pass upon the exclusion of offered evidence, and the refusal of the trial court, duly excepted to, to make proposed findings not contradictory to those made.

SAME—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS—TIME —EXTENSION. The time for filing exceptions to findings of fact cannot, by the filing and hearing of a motion for a new trial, be enlarged beyond the five days limited in Rem. & Bal. Code, § 383.

SAME—REVIEW—QUESTIONS PRESENTED. Exceptions to the admission of evidence cannot cure the failure to except to findings based thereon, which failure waives exceptions to the admission of evidence.

TRIAL — ISSUES AND FINDINGS — PROPOSED FINDINGS — PROPRIETY. Where a chattel mortgage foreclosure was transferred to the superior court by an injunction suit, a finding in an action on the injunction

[1]Reported in 155 Pac. 411.

bond that $350 was expended in the injunction suit is not contra-
dicted, but merely amplified, by a proposed finding that said sum
was not expended in contesting the injunction but was incurred in
the foreclosure action, which was but another name for the injunc-
tion suit.

SAME. In such a case, a proposed finding that the mortgagee ac-
quired possession of the mortgaged property by an independent ac-
tion in replevin impliedly under an independent title, supported by
the evidence, is material and should have been made, when not con-
tradictory to the other findings made and unexcepted to.

INJUNCTION—ACTION ON BOND—DAMAGES—COSTS OF SUIT—UNCON-
TESTED INJUNCTION. In an action upon an injunction bond given to
transfer a chattel mortgage foreclosure to the superior court, an
item of $350 expended by plaintiff for attorney's fees in the fore-
closure suit cannot be recovered, no motion having been made to
dissolve the injunction, which was not contested.

SAME—DAMAGES—KEEP OF PROPERTY—INDEPENDENT TITLE—UNCON-
TESTED INJUNCTION. In an action upon an injunction bond given to
transfer a chattel mortgage foreclosure to the superior court, ex-
penditures by the plaintiff for clerk's, sheriff's, and keeper's fees,
horse feed and other costs of maintaining the property cannot be
recovered where the injunction was not dissolved or contested, and
the plaintiff recovered possession of the property in an independent
action of replevin, impliedly under an independent title; since the
expenditures were made by plaintiff in the care of its own property
and were not necessitated by the injunction.

SAME—DAMAGES—DETERIORATION—LOSS OF SALE. In an action
upon an injunction bond given to transfer a chattel mortgage fore-
closure to the superior court, the plaintiff can recover the damages
by reason of the depreciation in the value of the property that would
have been avoided by the advertised foreclosure sale, which was lost
to plaintiff by reason of the injunction.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered January 23, 1915, upon find-
ings in favor of the plaintiff, in an action upon an injunction
bond, tried to the court. Reversed.

*Vince H. Faben,* for appellant.

*Ryan & Desmond,* for respondent.

ELLIS, J.—This is an action upon a bond given upon an
injunction ancillary to the transfer of summary proceedings
to foreclose a chattel mortgage from the sheriff to the su-

perior court for proceedings by suit pursuant to Rem. & Bal. Code, § 1110 (P. C. 349 § 23). The case was tried to the court without a jury.

The court found, in substance, that, on October 1, 1910, the plaintiff, then being the owner of a chattel mortgage executed by the Kitsap Mill Company on personal property consisting of machinery and equipment of a lumber mill in Kitsap county, began foreclosure, through the sheriff, by taking possession of the property and giving notice of sale, under which the property would have been sold on October 13, 1910; that on October 4, 1910, the mill company, in an action against the sheriff, the plaintiff and one Lundberg, in the superior court of King county, obtained an order restraining the sale and a show cause order returnable on October 7, 1910; that on October 7, 1910, on the hearing of the return to the show cause order, the court entered an injunction restraining the foreclosure, except by an action in court, and restraining any interference with the operation of the mill, and requiring that, upon the giving by the mill company of a bond in the sum of $1,000, the property be turned back to it; that on October 7th, pursuant to that order, the defendant herein, United States Fidelity & Guaranty Company, executed such bond for $1,000, conditioned that the mill company would pay all damages and costs resulting from the injunction; that thereafter the plaintiff, Kitsap County Bank, in an action of replevin in the superior court of Kitsap county against the mill company, claimed the right to possession of the mortgaged property and other property, and by giving a replevin bond secured a writ of replevin on which the sheriff made his return in October, 1910, and delivered the property to the plaintiff. The court's findings then conclude as follows:

"That at the time of the issuance of said injunction and the filing of the bond herein sued upon, the said Kitsap Mill Company was indebted to the plaintiff herein by reason of said mortgage in the sum of $1,400, together with interest

thereon at the rate of 10 per cent per annum, from August 19, 1910, and that, at said time, one John H. Lundberg, an experienced and practical mill man, who held a prior mortgage on said property, had agreed to purchase, and would have purchased the Kitsap County Bank's equity therein, for the full amount of its mortgage, and that, by reason of said injunction and the postponement and discontinuance of said sale as noticed, the sale of plaintiff's equity in said property to said John H. Lundberg, failed, and that the said plaintiff herein has been unable to make a sale of said property, or any portion thereof, for any amount whatsoever, and that the said mill machinery and equipment described in said mortgage is unsalable and still in its possession, and the same has become rusted and corroded and greatly depreciated in value, without fault of plaintiff, to plaintiff's damage in the sum of $500; and that, in addition thereto, said plaintiff was forced to, and did incur attorney's fees, which it has paid, in the sum of $350, for its defense in said injunction suit, and that, pending the entry of the judgment therein, this plaintiff was forced to, and did expend the sum of $438.56 in clerk's and sheriff's fees, keeper's fees, horse feed and other costs necessary for the safekeeping and maintenance of the property."

No exceptions were taken to any of these findings save to that quoted, and the exception to that was filed two days late.

The defendant, however, made a timely request for findings, in substance, as follows: That the action of replevin was commenced by the plaintiff on October 11, 1910; that on that date the property was seized by the sheriff and kept in his possession until October 20, 1910, when it was delivered to the plaintiff's possession; that from October 11th to October 20th, the property suffered no deterioriation from rust, corrosion or otherwise; that plaintiff made no motion to dissolve the injunction, and that any costs and fees incurred by the plaintiff were incurred in the foreclosure suit on its merits; that all expenses incurred by the plaintiff for the preservation of the property were incurred subsequent to October 11th, 1910, and that the sum of $18.80 was paid

in the foreclosure suit for clerk's fees; that the foreclosure proceedings went to final decree on December 6, 1910, and it was therein adjudged that Lundberg had a valid first mortgage on the property for $1,000 and interest, and that plaintiff had a valid mortgage for $1,400 and interest, subject to that of Lundberg; that the decree provided for a sale of the property, the proceeds to be used, first, in satisfaction of the Lundberg mortgage, with interest and costs, and the balance, if any, in satisfaction of the plaintiff's mortgage, with interest and costs, but that no sale was ever ordered or made under that decree; that the plaintiff's replevin suit proceeded to judgment on December 6, 1910, wherein the plaintiff was adjudged to be the lawful owner of the property. Seasonable exceptions were taken to the refusal of the court to make these findings.

On the findings made by the court and an appropriate conclusion of law, judgment was entered in favor of the plaintiff and against the defendant for $1,000 and costs. Defendant appeals.

The respondent moves to dismiss this appeal, indicating many particulars in which the appellant has failed to observe the governing statutes. An inspection of the record shows that the appellant has in fact been tardy in almost every step taken during the progress of the appeal. But it does not follow that the appeal must be dismissed. None of the defective steps call for a dismissal of the appeal, though the failure of the appellant seasonably to take exceptions to the court's findings does preclude a review of the evidence, except so far as necessary to pass upon the action of the trial court in *excluding* offered evidence (*Bringgold v. Bringgold*, 40 Wash. 121, 82 Pac. 179; *Berens v. Cox*, 70 Wash. 627, 127 Pac. 189; *Harbican v. Chamberlin*, 82 Wash. 556, 144 Pac. 717), or to pass upon the refusal of the trial court to make proposed findings not contradictory to those made, to which refusal timely exceptions have been taken (Rem. &

Bal. Code, § 1736 [P. C. 81 § 1225] ; *Home Savings & Loan Ass'n v. Burton*, 20 Wash. 688, 56 Pac. 940).

It is admitted that the exceptions to the court's findings were filed two days late. We have consistently held that exceptions to be in time must be filed "within five days" after notice of decision. The statute so requires. Rem. & Bal. Code, § 383 (P. C. 81 § 673) ; *Frair v. Caswell*, 79 Wash. 470, 140 Pac. 564; *Cornthwaite v. Barrington Trans. Co.*, 55 Wash. 389, 104 Pac. 609; *Fulton v. Methow Trading Co.*, 45 Wash. 136, 88 Pac. 117; *Fisher v. Kirschberg*, 17 Wash. 290, 49 Pac. 488; *National Bank of Commerce of Seattle v. Seattle Pickle & Vinegar Works*, 15 Wash. 126, 45 Pac. 731; *Ballard v. First Nat. Bank*, 13 Wash. 670, 43 Pac. 938; *Irwin v. Olympia Water Works*, 12 Wash. 112, 40 Pac. 637; *Rice v. Stevens*, 9 Wash. 298, 37 Pac. 440.

The appellant insists that, where the exceptions are filed before the motion for a new trial is argued, though more than five days after notice of the filing of the findings as required by the statute, the exceptions should be held seasonable. It is sufficient answer to say that, in the record here, it does not appear when the motion for a new trial was actually argued. It was filed November 28, 1914. The order overruling it was entered on January 13, 1915. There is nothing to show when it was argued. But assuming that it was argued on the day the order overruling it was entered, we have no warrant to enlarge the period for filing exceptions as fixed by the statute. To do so would be "judicial legislation," a thing which courts are often admonished to avoid. If the legislature had intended any such latitude it would have been easy to say so. The statute is definite, clear and explicit. The words "within five days" are not open to construction. Until the legislature has said that these words mean something else, we must assume, as we have always assumed, that they mean what they say. The exceptions to the findings as made by the trial court were late and are of no more efficacy than if they had never been taken.

Two of the assignments of error are based upon alleged improper *admissions* of evidence to which exceptions were taken. These. we cannot consider. All evidence *admitted*, whether properly or improperly, is merged in the court's findings. Exceptions to the admission of evidence cannot cure the failure to except to the findings based thereon. Obviously the failure to except to the findings waives the exception to the admission of evidence. *Washington Brick, Lime & Mfg. Co. v. Adler*, 12 Wash. 24, 40 Pac. 383; *Berens v. Cox, supra.*

In the absence of exceptions to the findings, we are authorized to review the evidence in so far as necessary to pass upon objections to the *exclusion* of offered evidence, since such evidence is not merged in the findings (*Berens v. Cox, supra*) ; but in the case here, no error is assigned upon any such exclusion.

From the foregoing, it follows that there are only two questions presented by the assignments of error which are open to our consideration: (1) Do the findings support the judgment? (2) Did the court err in refusing to make other findings proposed, to which refusal seasonable exceptions were taken?

An examination of the findings proposed and refused convinces us that but two of them are material. The proposed finding that the costs and attorney's fees incurred by the respondent were incurred in the foreclosure action and not in contesting the injunction, and that no motion to dissolve the injunction was ever made, is supported by the evidence and is material. It does not contradict, but merely amplifies and explains, the findings made by the court that the respondent had expended $350 in the injunction suit, which is but another name for the foreclosure action if the injunction itself was not contested. The court made no finding that it was, though proof of that fact was clearly necessary to sustain a recovery of costs of such a contest. Since this proposed finding does not contradict but merely makes clear

the finding made by the court, the failure to except to the court's finding does not preclude a holding that, under the evidence, this additional finding should also have been made. Had the foreclosure proceeding been transferred to the court without any injunction, as it might have been under the statute, the same costs would have been incurred. It is clear, therefore, that this item of $350 cannot be considered in computing the damages recoverable on the injunction bond.

The proposed finding that the respondent acquired possession of the property by an independent action in replevin, and impliedly under an independent title, is also supported by the evidence and is material. It does not contradict the finding on the same subject as made by the court, but is only more complete and specific. Here, again, the failure to except to the finding made does not preclude a holding that, on the evidence, this additional finding should also have been made. The finding made by the court, thus amplified, makes it clear that the item of $438.56, found by the court to have been expended by the respondent in the care of the property, was an expenditure in the care of its own property and was not traceable to nor necessitated by the injunction. It follows that this item also should be eliminated from consideration in computing the damages recoverable on the injunction bond.

The item of $500 depreciation in the value of the property, which the court found would have been avoided by the sale of the mortgaged property on October 13th by the sheriff on the foreclosure by notice, which was enjoined, is the only remaining item of damage found. The court found, and we must accept the finding as true, that the respondent at that time had arranged the sale of the property to Lundberg for the full amount of its debt, and that this sale was lost by reason of the injunction. Obviously, the loss so resulting was the deterioration in the value of the property which the respondent was compelled to retain. The judgment, therefore, should have been for only $500 and costs.

In fact the court's findings, regardless of those proposed and refused, would sustain no greater judgment.

The claim that there was a defect of parties plaintiff is without merit. While there were three obligees named in the bond, their interests were separate. The right of action on the bond was therefore several. *Harrington v. Gordon*, 42 Wash. 692, 80 Pac. 187.

The judgment is reversed, and the cause is remanded with direction to enter judgment in accordance herewith.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.