TORRES v. CALAF.

APPEAL from the District Court of San Juan, Section 2.

No. 746.—Decided December 20, 1911.

APPEAL—NOTICE OF JUDGMENT—WAIVER OF NOTICE.—Although the period allowed for entering an appeal begins to run from the time that notice of the judgment is served upon the party against whom said judgment is rendered, if he appeals before said notice is served it is presumed that he had knowledge of the judgment and service of the notice to fix the period during which appeal should be taken, is unnecessary.

The facts are stated in the opinion.
*Messrs. Alvarez Nava* and *Domínguez* for appellant.
*Messrs. López Landrón* and *Rincón* for adverse party.
MR. JUSTICE WOLF delivered the opinion of the court.

This was a motion to dismiss an appeal substantially on the ground that the appeal was taken too late. The appellant, however, maintained that by virtue of the Act of March 9, 1911 (Laws of 1911, No. 70, p. 227), the time for appealing did not begin to run until within 30 days next preceding August 24, 1911, on which day the appeal was noted. There were several uncertainties and inaccuracies in the record and certificates transmitted to us for the purpose of determining whether the appeal lay. In order to verify whether or not the court had jurisdiction this court issued an order directed

to the District Court of San Juan asking that additional papers be sent up and also asking that a copy of whatever judgment had been made in the case should likewise be certified to us. The following facts appear from the record.

To the complaint originally filed in this case the defendant demurred. The court sustained the demurrer on March 9, 1911, and on the same day judgment was entered in the judgment book. On March 27, 1911, the plaintiff and appellant notified the secretary and the attorney on the other side that he appealed from the judgment (*sentencia*) rendered in this case on March 9, 1911, by which the aforesaid demurrer was sustained. The record was in due course brought to this court. There was no judgment in the record, but merely an order of March 9, 1911, sustaining the demurrer. This court dismissed the appeal on the ground, as alleged in the opinion, that an order on demurrer was not a final order and could not be appealed.

Before noting his appeal on March 27, 1911, the appellant on March 16, 1911, had filed and notified to the attorneys on the other side a motion for the entry of judgment; but no action was taken on this motion until July, 1911, when the District Court of San Juan entered a second judgment in the case. On July 22, 1911, the appellee moved to set aside the second judgment on the ground that a judgment had already been made and entered on March 9, 1911. This motion and the grounds thereof were notified to the appellant on the said July 22, 1911. On July 26 a notice was sent out from the secretary's office to the appellant that a judgment had been rendered against her on March 9, 1911.

Now, whatever may have been the reasons assigned by this court for dismissing the former appeal, the physical and essential fact remains that the record in the former appeal did not contain any copy of a final judgment. The real reason for dismissing the appeal was that the mandatory record showed no final judgment, but only an order sustaining a

demurrer. A judgment had been made, rendered on March 9, 1911, and this judgment had been duly entered in the judgment book. Attorneys for appellant maintain that they were never notified of the judgment of March 9, 1911, until July 26, 1911, and that the Act of March 9, 1911, makes the time for appealing run from the date of such notice. However, we think the presumption is, from the wording of the notice of the appeal, and that presumption has not been rebutted, that when the attorneys for the appellant noted their appeal on March 27, 1911, they had complete knowledge of the existence of the judgment. That appellant on March 16, 1911, may have thought that no judgment was entered seems quite probable; but we think the action of the appellant on that day also shows that the attorneys knew that such a judgment was necessary to complete the right to appeal, so that when on March 27, 1911, defendant entered an appeal and said that she was appealing from the judgment, we must infer that she had notice. There was a judgment of March 9, 1911, and the notice of appeal filed by the appellant on March 27 gave this court jurisdiction; but that fact did not appear by reason of the omission of the judgment from the record. The only thing necessary for the appellant to have done was to have sent up the whole record. We have already held in the case No. 737, *Veve* v. *Fajardo Sugar Growers' Association,* decided October 25, 1911, that an appeal may be taken by an appellant at any time after the judgment is rendered and that he is not bound to wait until a notice of a judgment is given him by the secretary, but that from the moment he appeals he waives necessity of notice. The idea of the law, moreover, only is that the losing party should have actual notice of the judgment, and where he takes steps in court which demonstrate such actual notice, no further notice is necessary. (2 Cyc., 799; *McQuesten* v. *Morrill et al.,* 41 Pac., 57; *Braeley* v. *Marks,* 43 Pac., 27.)

Under these circumstances we must hold that the appel-

lant was concluded by his former appeal and that the notice issued by the secretary on July 26, 1911, did not give the appellant a new right of appeal.

It is to be observed, moreover, that the motion of July 22, 1911, asking for the revocation of the judgment of July 15, 1911, was notified to the appellant on July 22, drawing attention to the judgment rendered on March 9, 1911. Nevertheless, appellant waited for more than thirty days to appeal.

It is also questionable whether the Act of March 9, 1911, was in force when the judgment of March 9, 1911, was rendered, as that law took effect upon its approval.

The motion to dismiss the judgment must be granted.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.