# CHARLESTON.

STATE *ex rel.* A. L. BLACK COAL CO. *v.* UNITED STATES
FIDELITY & GUARANTY CO.

Submitted April 26, 1921.   Decided May 3, 1921.

1. INJUNCTION—*Injunction Bond May Be Made Payable to State or to Party Entitled to Its Benefit.*

   In accordance with the provisions of section 5, chapter 10, Code 1918, an injunction bond, given to indemnify those against whom injunctive relief is sought, may be made payable, either to the State of West Virginia, or to the parties entitled to its benefit and protection.   (p. 667).

2. SAME—*Party Entitled to Benefit of Injunction Bond Payable to State May Sue Thereon Without Joining Other Beneficiaries.*

   Where an injunction bond is made payable to the State of West Virginia, one of the parties entitled to the benefit of its penalty may, after dissolution of the injunction, prosecute a suit on such bond in the name of the state, for his own use, without joining the other beneficiaries.   (p. 667).

3. SAME—*Declaration in Suit on Injunction Bond Held Not Subject to Demurrer for Nonjoinder of Parties Plaintiff.*

   A declaration disclosing such facts is not subject to success-

ful challenge by demurrer on the ground of nonjoinder of parties plaintiff.    (p. 667).

Error to Circuit Court, Monongalia County.

Action by the State, on the relation of the A. L. Black Coal Company, against the United States Fidelity & Guaranty Company.  Judgment for defendant on demurrer, and plaintiff brings error.

· *Reversed; demurrer overruled; remanded*

*Moreland & Guy*, for plaintiff in error.
*Glasscock & Glasscock*, for defendant in error.

LYNCH, JUDGE:

In a suit begun in the circuit court of Monongalia County George E. Warren Company obtained an injunction mandatory in form and effect against A. L. Black Coal Company and Serepi Coal Company, whereby the court required defendants to furnish plaintiff monthly 4,550 tons of coal mined from Serepi mine No. 1, and the appointment of a receiver with authority to take into custody their property and fully execute its order.  Plaintiff secured but did not join in the execution of the necessary bond required by the order before it should become effective, though in every other particular it conformed with the terms and conditions prescribed by statute.  The United States Fidelity & Guaranty Company was the sole obligor.  This order this court reversed upon appeal by A. L. Black Coal Company, the Serepi Coal Company not joining in the petition for the writ, dissolved the injunction, remanded the cause, and directed a settlement of the accounts of the receiver.  85 W. Va. 684.

The A. L. Black Coal Company then instituted this action to recover under the provisions of the bond so executed the costs incurred by it in defending its interests in the chancery cause and the damages suffered by it in consequence of the injunction order while in force and effect.  This restraint it endeavored to remove more than once during the pendency of the suit.  The declaration and each of its two counts the circuit court held insufficient on demurrer, both as originally presented and filed and as amended.  This the court

did. chiefly on the ground of the nonjoinder of Serepi Coal Company as coplaintiff. As these were the two principal defendants in the Warren Company's suit and the object of the bond was to indemnify both, they should have united in the action, is the argument of the surety company.

Although not material or decisive, it is interesting and instructive to note that prior to the date of the Warren Company suit there was a reorganization of the Serepi Coal Company, by virtue of which the A. L. Black Coal Company, by purchase at a judicial sale, took over the property and the control and management of the reorganized corporation, as it theretofore had demonstrated its incapacity to operate the property so as to maintain its credit and meet its obligations. If Serepi Coal Company did not in this manner lose its corporate identity, it did divest itself of all its assets, and therefore ceased to be susceptible of injury growing out of anything done in the Warren suit. Its status at that time and now is of no consequence insofar as the merits of the present case are concerned.

But wholly apart from this consideration and independent of it, the misconception of the legal necessity for the joinder as plaintiffs in one action of all persons who are within the terms of the indemnity, whatever their capacity to sue may be, is reasonably apparent, considering the nature and characteristics of the instrument. It purports to be a bond, payable to the State of West Virginia, to indemnify the defendants in the preceding suit against loss or damages sustained by them or either of them as a result of the restraint imposed by the court's order, and each of them may sue thereon for the injury sustained without joining the other as plaintiff, the only limitation of the recovery or recoveries being that fixed by section 2, ch. 10, Code, which provides that no amount in excess of the penalty of the bond is recoverable, except for the necessary costs and expenses of the several actions on the instrument. Besides, in statutory bonds, that is, those specifically required by law, and an injunction bond is so required, there is generally but one obligee and therefore there cannot be more than one plaintiff, however

many may be the persons who are entitled to invoke the remedy so provided for the redress of grievances occasioned by the abuse of the rights of the persons concerned. A person to be affected may, according to section 5, ch. 10, Code, accept an injunction bond payable to him or to him and others to suit the emergencies of the case. That, however, is unusual, and was not the mode adopted in this instance. The bond sued on is payable to the state, and that is the ordinary practice.

The declaration read as a whole seems plainly to indicate a defense based upon the activity of A. L. Black Coal Company from the beginning to the end of the suit brought against it and Serepi Coal Company, and the latter, though a necessary party, remained practically inactive in the meantime and was not an appellant in this court. The former alone employed counsel who prepared the argument and otherwise assisted in the defense of its rights.

Had the bond specifically named as formal obligees the two companies who were the real beneficiaries of the bond, as section 5, ch. 10, Code permitted, doubtless, according to general rules applicable to joint parties to a contract, one could not have maintained a suit without joining the other. But here the State of West Virginia is the only formal obligee, and section 2 expressly authorizes it to prosecute a suit ''for the benefit of * * * any * * * person injured by a breach of the condition of any such bond.'' As already noted, the only limit placed upon such suits is that damages are recoverable upon the instrument only until in the aggregate they equal the penalty thereof. Hence, in view of the express statutory authority to sue, considered in connection with the mere formal status of the Serepi Coal Company, we are of opinion that the circuit court erred in sustaining the demurrer to the declaration and dismissing it upon plaintiff's failure to amend. *Harrington* v. *Gordon,* 42 Wash. 692; *Kitsap County Bank* v. *United States Fidelity & Guaranty Co.,* 90 Wash. 12, 20.

From what has been said it necessarily follows that the judgment complained of must be reversed, the demurrer

overruled, and the case remanded for further proceedings therein.

*Reversed; demurrer overruled; remanded*