(No. 5540.  Decided July 19, 1905.)

### THOMAS CARSTENS et al., Respondents, v. ALASKA STEAMSHIP COMPANY, Appellant.[1]

APPEAL AND ERROR—REVIEW—FINDINGS NOT EXCEPTED TO. Where the findings in an action at law tried without a jury are not excepted to, the evidence will not be reviewed on appeal.

SAME — STATEMENT OF FACTS — AFFIDAVITS ON MOTION FOR NEW TRIAL. The denial of a new trial will not be disturbed on appeal when the affidavit in support of the motion is not brought up in a statement of facts.

CARRIERS—LOSS OF GOODS—JETTISON—ACTION BY CONSIGNOR. In an action by a consignor for the loss of goods jettisoned at sea, findings to the effect that the plaintiff was the consignor of the goods, stating their value, that defendant received the goods as a carrier, agreeing to deliver them to the consignees, and that defendant threw the goods overboard into the sea to the plaintiff's damage in a specified sum, are sufficient to sustain conclusions of law and a judgment establishing defendant's liability for the loss.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 20, 1904, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action for the loss of goods jettisoned. Affirmed.

The findings of fact establish the consignment by the plaintiffs, and the acceptance by the defendant, of the goods, and their value, and include the following:

"(7)  That near Midway Island on Stephen's Pass on the trip to Alaska, while the defendant had the said meats

1Reported in 81 Pac. 691.

and property of plaintiffs on board said steamship, the defendant then and there threw said meat overboard into the waters of Stephen's Pass, and then and there left said meat in the waters of said Stephen's Pass."

*Ira Bronson* and *D. B. Trefethen*, for appellant, contended, among other things, that a justifiable jettison relieves the carrier from liability for the loss of goods. *Smith v. Wright*, 1 Caines (N. Y.) 43, 2 Am. Dec. 162; *Gillett v. Ellis*, 11 Ill. 579; *Van Syckel v. Ewing*, Fed Cas. No. 16,877; *Lawrence v. Minturn*, 58 U. S. 100, 15 L. Ed. 58; *Price v. Hartshorn*, 44 N. Y. 94, 4 Am. Rep. 645; *Higgins v. Watson*, Fed Cas. No. 6,470; *Williams v. Grant*, 1 Conn. 487, 7 Am. Dec. 235; *Hunt v. Morris*, 6 Martin (La.) 676, 12 Am. Dec. 489. The fact of a loss from a storm at sea casts the burden upon the plaintiff to prove negligence as the proximate cause of loss, and this was not done. 5 Am. & Eng. Ency. Law (2d ed.), 357; *Jones v. Minneapolis etc. R. Co.*, 91 Minn. 229, 97 N. W. 893, 103 Am. St. 507; *The Warren Adams*, 74 Fed. 413; 1 Am. & Eng Ency. Law (2d ed.), 597; *National Bureau etc. Mfg. Co. v. The New Orleans*, 26 Fed. 44; *Gunnell v. Bird*, 77 U. S. 304, 19 L. Ed. 913; 5 Am. & Eng. Ency. Law (2d ed.), 366; *Lords Bailiff v. Trinity House*, 39 L. J. Ex. 163. Giving the findings full effect, a consignor is not entitled to recover for loss of the goods without proof of ownership, or damage to himself, or that he is trustee for the consignees. *McLachlan v. Branch*, 39 Minn. 101, 38 N. W. 703; *Fitzhugh v. Wiman*, 9 N. Y. 559; *Green v. Clarke*, 12 N. Y. 343; *Chamberlain v. West*, 37 Minn. 54, 33 N. W. 114; *Congar v. Galena etc. R. Co.*, 17 Wis. 492; *Union Feed Co. v. Pacific Clipper Line*, 31 Wash. 28, 71 Pac. 552; *Thompson v. Fargo*, 49 N. Y. 188, 10 Am. Rep. 342. Prima facie, the consignee is the one to sue. *Blum v. The Caddo*, Fed. Cas. No. 1,573; Browne, Carriers, § 596; Hutchinson, Carriers, § 727; *Madison etc. R. Co. v. Whitesel*, 11 Ind. 55; *Pennsylvania*

*Co. v. Holderman,* 69 Ind. 18. This presumption prevails until the contrary is shown. *Pennsylvania Co. v. Poor,* 103 Ind. 553, 3 N. E. 253.

*John E. Humphries* and *Harrison Bostwick,* for respondents, contended, among other things, that under the common law the carrier is liable for goods stowed on deck and necessarily jettisoned. *Jersey Steam Nav. Co. v. Merchants' Bank,* 6 How. 344, 12 L. Ed. 465; *The Wellington,* Fed. Cas. No. 17,384; *Creery v. Holly,* 14 Wend. 26. The burden is upon the carrier to show the necessity for the jettison from expected peril. *The Maggie Hammond,* 9 Wall. 435, 19 L. Ed. 772; *Propeller Niagara v. Cordes,* 21 How. 7, 16 L. Ed. 41; *Nelson v. Woodruff,* 1 Black (U. S.) 156; *Clark v. Barnwell,* 12 How. 272, 13 L. Ed. 130; *Rich v. Lambert,* 12 How. 347, 13 L. Ed. 1017; *The Majestic,* 166 U. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039; *Bank of Kentucky v. Adams Express Co.,* 93 U. S. 174, 23 L. Ed. 872. And that the vessel was seaworthy. *The C. W. Elphicke,* 117 Fed. 279; *The Manitou,* 116 Fed. 60; *The Frey,* 106 Fed. 319. The carrier's neligence is presumed from the fact of loss. *Inman v. South Carolina R. Co.,* 129 U. S. 128, 9 Sup. Ct. 249, 32 L. Ed. 612. Under the authorities the fact that the goods were thrown overboard, makes a conclusive case. *The Patria,* 132 Fed. 971.

PER CURIAM.—The defendant is engaged in the operation of a line of steamboats, between the city of Seattle and Skagway, and other points in the district of Alaska. On the 6th day of March, 1899, the plaintiffs shipped certain quantities of meat from the city of Seattle, by the steamer "Dirigo," operated by the defendant, a part of which was consigned to Frye-Bruhn & Co., at Skagway, and the remainder to one Birkmeir, at Haines Mission. The meats were thrown overboard and abandoned, in the waters of Stephens pass, and this action was brought to recover dam-

ages for failure to deliver. The case was tried in the court below without a jury, and from the findings and judgment in favor of the plaintiffs, this appeal is prosecuted.

In support of its appeal, the appellant claims, (1) that the steamer by which the goods were shipped became stranded on Midway island, in Stephens pass, and the meats in controversy were thrown overboard from necessity to save the ship; (2) that the respondents, as consignors, showed no right to maintain this action; (3) that the court allowed a recovery for the market value of the goods at the city of Seattle, instead of at the point of destination; and (4) that the court erred in denying the motion for a new trial. The respondents contend that the first three assignments are not open to review in this court, for the reason that there are no exceptions to the findings of fact. This contention is well founded, and we can only consider the sufficiency of the findings to sustain the judgment. *Rice v. Stevens,* 9 Wash. 298, 37 Pac. 440, and many subsequent cases in this court.

The affidavit in support of the motion for a new trial is not embodied in a statement of facts or bill of exceptions, and is not therefore properly before us. In any event, the affidavit, which appears in the transcript, fails to show that the evidence was newly discovered, or of such a character, as to warrant the granting of a new trial. Inasmuch as the findings of fact sustain the judgment of the court, the judgment must be affirmed, and it is so ordered.